Approved: *Micah Fergenson*
　　　　　　MICAH F. FERGENSON
　　　　　　Assistant United States Attorney

Before:　THE HONORABLE SARAH NETBURN
　　　　　United States Magistrate Judge
　　　　　Southern District of New York

---------------------------------- x
　　　　　　　　　　　　　　　　　　　:　**20 MAG 7001**
UNITED STATES OF AMERICA　　　　　　:
　　　　　　　　　　　　　　　　　　　:　SEALED COMPLAINT
　　　　　- v. -　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:　Violations of 18 U.S.C.
　　　　　　　　　　　　　　　　　　　:　§§ 922(g)(1),
ELIAS AYALA,　　　　　　　　　　　　 :　924(a)(2), and 2.
　　　　　　　　　　　　　　　　　　　:
　　　　　　　Defendant.　　　　　　　:　COUNTY OF OFFENSE:
　　　　　　　　　　　　　　　　　　　:　BRONX
---------------------------------- x

SOUTHERN DISTRICT OF NEW YORK, ss.:

　　　　RAFAEL ITURRALDE, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

COUNT ONE
(Felon in Possession of Ammunition)

　　　　1.　On or about July 5, 2020, in the Southern District of New York and elsewhere, ELIAS AYALA, the defendant, knowing he had been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess ammunition, to wit, four Luger 9mm shell casings, three Luger 9mm fired bullets, and five unfired Luger 9mm cartridges, and the ammunition was in and affecting commerce.

　　(Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 2.)

　　　The bases for my knowledge and the foregoing charge are, in part, as follows:

1

2.     I am a Detective with the NYPD and I have been personally involved in the investigation of this matter.  This affidavit is based in part upon my conversations with law enforcement agents and others and my examination of reports and records.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3.     Based on my conversations with other NYPD officers, my review of NYPD records, and my review of video surveillance, I have learned, among other things, the following:

a.     On or about July 5, 2020, at approximately 11:30 p.m., ELIAS AYALA, the defendant, approached the vicinity of an apartment building in the Bronx, New York (the "Apartment Building").  AYALA's sister's boyfriend ("Victim-1") and Victim-1's brother ("Victim-2") were outside in the vicinity of the Apartment Building.  AYALA had a physical altercation with Victim-1 and Victim-2.

b.     Following the physical altercation, AYALA left the vicinity of the Apartment Building.  Approximately 15 minutes later, AYALA returned to the vicinity of the Apartment Building.  As AYALA approached the vicinity of the Apartment Building, AYALA brandished a pistol, removing it from a sock that had been encasing the pistol, and fired at least four shots at Victim-1 and Victim-2.  After firing the pistol, AYALA fled the vicinity of the Apartment Building.

c.     Below is a still image from surveillance video showing AYALA brandishing the pistol in the vicinity of the Apartment Building:



        d.    At approximately 11:47 p.m., Victim-1 called 9-1-1. In response to that 9-1-1 call, NYPD officers arrived at the vicinity of the Apartment Building at approximately 11:50 p.m. The officers recovered four Luger 9mm shell casings, three Luger 9mm fired bullets, and five unfired Luger 9mm cartridges (together, the "Ammunition") from the Apartment Building and its vicinity. One of those three fired bullets was recovered inside of an apartment in the Apartment Building, having entered through the window. The officers vouchered the Ammunition.

        4.    Based on my training and experience, and my communications with other law enforcement agents, including a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives, who is familiar with the manufacturing of firearms and ammunition, I am aware that the Ammunition was not manufactured in the State of New York.

        5.    Based on my involvement in this investigation, I know that on or about the morning of July 6, 2020, NYPD officers arrested ELIAS AYALA, the defendant, at his home. AYALA was taken to the 41st precinct and interviewed. I participated in the interview, which was video-recorded, and based on which I know, in substance and in part, the following:

        a.    At the beginning of the interview, AYALA was advised of his *Miranda* rights and waived those rights.

        b.    AYALA was shown a still image from the surveillance video that showed AYALA in the vicinity of the

3

Apartment Building, but that did not show the pistol. AYALA admitted that he was the individual shown in the still image.

  c. AYALA was also shown a still image from the surveillance video that showed AYALA in the vicinity of the Apartment Building while brandishing the pistol. AYALA again admitted that he was the individual shown in the still image.

  d. AYALA also admitted that he knew he had previously been convicted of a felony.

  6. I have reviewed criminal history records pertaining to ELIAS AYALA, the defendant. Those records show that on or about July 12, 2016, AYALA was convicted in Richmond County Supreme Court of criminal possession of a firearm, in violation of New York Penal Law § 265.01-B, a Class E Felony. That offense is punishable by imprisonment for a term exceeding one year. On or about July 12, 2016, AYALA was sentenced to three years' probation for that offense.

  WHEREFORE the deponent requests that a warrant be issued for the arrest of ELIAS AYALA, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

        /s authorized electronic signature
        _____
        RAFAEL ITURRALDE
        Detective
        New York City Police Department

Sworn to before me through
reliable electronic means this
__7th day of July 2020

_____
THE HONORABLE SARAH NETBURN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK